Matter of Lauriello (Commissioner of Labor) (2023 NY Slip Op 00913)

Matter of Lauriello (Commissioner of Labor)

2023 NY Slip Op 00913

Decided on February 16, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:February 16, 2023

535497
[*1]In the Matter of the Claim of Christopher Lauriello, Appellant. Commissioner of Labor, Respondent.

Calendar Date:January 18, 2023

Before:Egan Jr., J.P., Lynch, Aarons, Ceresia and Fisher, JJ.

Christopher Lauriello, Brooklyn, appellant pro se.
Letitia James, Attorney General, New York City (Camille J. Hart of counsel), for respondent.

Aarons, J.
Appeal from a decision of the Unemployment Insurance Appeal Board, filed December 6, 2021, which, among other things, charged claimant with a recoverable overpayment of various unemployment insurance benefits.
Claimant, a trade show carpenter, worked at a New York City convention center until it closed in March 2020 due to the COVID-19 pandemic. Claimant applied for unemployment insurance benefits in August 2019 and, based upon his earnings in his base period, his weekly benefit rate was established. Between April 2020 and August 2020, claimant received unemployment insurance benefits, Federal Pandemic Unemployment Compensation (hereinafter FPUC) and Pandemic Emergency Unemployment Compensation (hereinafter PEUC) under the Coronavirus Aid, Relief and Economic Security Act of 2020 (the CARES Act) (see 15 USC § 9021, as added by Pub L 116—136, 134 US Stat 281, 313; see also 15 USC § 9025), as well as Lost Wage Assistance (hereinafter LWA) pursuant to 44 CFR 206.120.
In September 2020, claimant elected to collect his pension, which was fully funded by contributions from participating employers. In December 2020, claimant received a lump-sum pension check, which included retroactive pension payments from April 2020 through December 2020.
In December 2020, the Department of Labor issued determinations reducing claimant's weekly unemployment insurance benefits rate to zero (effective March 30, 2020) pursuant to Labor Law § 600 (1), ruled that claimant was ineligible to receive unemployment insurance benefits and charged him with a recoverable overpayment of state and federal benefits. Claimant requested a hearing, at the conclusion of which an Administrative Law Judge (hereinafter ALJ), among other things, sustained the initial determinations.[FN1] Upon administrative appeal, the Unemployment Insurance Appeal Board, by decision filed December 6, 2021, adopted the findings of fact and opinion of the ALJ and affirmed the ALJ's decision. Claimant's subsequent application for reconsideration was denied. Claimant appeals from the Board's December 6, 2021 decision.
We affirm. There is no dispute that the prorated weekly pension amount (retroactive to April 2020) exceeded claimant's unemployment insurance benefit rate, which triggered the statutory reduction and reduced his unemployment insurance benefit rate to zero (see Labor Law § 600 [1]; Matter of Johnson [Commissioner of Labor], 210 AD3d 1260, 1262 [3d Dept 2022]). As such, claimant was ineligible to receive unemployment insurance benefits. To the extent that claimant asserts that he was given misinformation by representatives of the Department of Labor and, therefore, should not be charged with a recoverable overpayment of benefits, " '[t]he conditional payment of unemployment insurance benefits prior to verification of the details of a claimant's pension is subject to review and recovery of an overpayment' — even in instances where the claimant has made the appropriate disclosures and is not at fault[*2]" (Matter of Johnson [Commissioner of Labor], 210 AD3d at 1262, quoting Matter of Sanchez [Commissioner of Labor], 56 AD3d 846, 847 [3d Dept 2008]; see Labor Law § 597 [3], [4]).
With regard to the recoverable overpayment of FPUC and PEUC benefits that claimant received under the CARES Act, the statutory provisions provide that such benefits are available to eligible individuals who are receiving, among other things, state unemployment insurance benefits. Although claimant maintains that he was not denied or disqualified from receiving unemployment insurance benefits, the offset of his prorated pension payments reduced his weekly benefit rate to zero. As such, he was ineligible to receive unemployment insurance benefits, which is a prerequisite to procuring the FPUC and PEUC benefits (see 15 USC §§ 9021 [d] [4]; 9023 [f] [2]; 9025 [e] [2]). Accordingly, no basis exists to disturb the Board's findings that the overpayments were recoverable. Additionally, claimant was properly charged with a recoverable overpayment of LWA benefits based upon his eligibility status (see 44 CFR 206.120 [f] [5]). To the extent that claimant requests that any recoverable overpayment of FPUC, PEUC or LWA benefits be waived, as noted by the Board, there is a separate process for submitting applications requesting a waiver of overpayment of benefits which were made in error and/or through no fault of a claimant (see 15 USC §§ 9021 [d] [4]; 9023 [f] [2]; 9025 [e] [2]). As such, claimant's request for such waiver is not properly before this Court. Claimant's remaining contentions, including that he was denied due process, have been reviewed and they are unpersuasive.
Egan Jr., J.P., Lynch, Ceresia and Fisher, JJ., concur.
ORDERED that the decision is affirmed, without costs.

Footnotes

Footnote 1: Although claimant did not appear at the initial hearing and was found to be in default, his application for reopening was granted.